The last case on the argument calendar today is Warren v. Mariner Finance. Mr. Warren is on video. Can you hear me okay, Mr. Warren? Yes, I can, Your Honor. All right. We can hear you, so you can proceed when you're ready. Good morning, Your Honors, and may it please the Court. My name is Daniel Warren, and I'm the appellant pro se in this appeal. This Court has jurisdiction to hear and determine this appeal and review all prior non-final orders that have not become moot. The District Court order remanding this case to State Court cited Section 1367C as the sole grounds for the remand, and therefore Section 1447D does not preclude this Court from hearing this appeal. Since federal courts are courts of limited jurisdiction, any challenge that questions this jurisdiction must be addressed before any other issue pending before the Court. This is particularly so in cases removed from State Court, such as here. The District Court erred in not addressing my motion to amend and remand before it made any decision on the then-pending appellee's motion to dismiss. Even if it was proper for the District Court to consider the motion to dismiss, it should have only addressed the sole federal cause of action, which it did dismiss, and the proposed amended complaint proposed to be dropped, and it should not have gone on to address the merits of the state law causes of action. I ask this Court to vacate the District Court's orders and to grant my motion to amend the complaint and remand this action to State Court. If the Court grants me this relief, it renders my further arguments academic. The District Court did not have supplemental jurisdiction over the two state law causes of action in this removed case once the federal cause of action was either removed by amendment or dismissal, and this is for two reasons. First, Section 1367A provides that the supplemental jurisdiction of the District Courts except as provided in subsections B, C, or as correctly provided otherwise by federal statute. It is my position that Section 1447C is a federal statute that provides otherwise Since the sole federal cause of action that provided the basis for removal based on federal question jurisdiction to federal court was disposed of, it requires the rest of the action be remanded to State Court. Secondly, there is no common nucleus of operative fact between the two state law causes of action with the sole federal cause of action beyond merely sharing a factual background and is therefore not part of the same case or controversy within the meaning of Section 1367A. Let me ask you a question about that. Can I ask you a question about that, Mr. Warren? Yes, Your Honor. If the issue regarding whether Mariner reported an illegal loan to the credit reporting agency is based upon whether or not it was an illegal loan, that goes to the state law claimant whether it was usurious or not, right? That would make it an illegal loan and would trigger an issue with respect to the reporting to the credit agency. Or am I missing something? It seems to me that they're interrelated, in other words. To answer your question, Your Honor, the SCRA cause of action was not based upon the loan being usurious. The SCRA cause of action was based upon their negligent or improper reinvestigation of that trade line. I thought you alleged it was an illegal loan. Didn't you say they reported an illegal loan to the credit reporting agency? Isn't that what you alleged? No. My allegation is that they erroneously reported this loan as being secured when, in fact, it was unsecured. Okay. Go ahead. You can continue. To finish that thought, the district court, therefore, should have severed and remanded the two state law causes of action upon removal pursuant to its duty under Section 1441, sub c, sub 2. Even if the district court had subject matter jurisdiction to reach the merits of the dependent appellee's motion to dismiss it errant in granting it or alternatively not granting me leave to replete it, the first cause of action sought to have the alleged agreement declared void, unenforceable, and unconscionable for a number of reasons. A violation of the civil usury provisions of New York law was only one factor alleged for this invalidity. For example, the first cause of action said that it was unenforceable due to CPLR Section 4544 and various other provisions of the general obligations law. So it was error for the court to dismiss the entire cause of action, even if its holding on the civil usury was correct. It should have allowed me leave to replete it or not use civil usury when considering the future merits of the first cause of action. So therefore, the dismissal of the first cause of action should be reversed, or alternatively, I should be permitted leave to replete it. And lastly, assuming the district court's holdings are determined to be correct, I believe that the district court abused its discretion in not retaining the jurisdiction over the two state law causes of action. Since it started to delve into the state law issues, it should have retained the state laws and finished it to conclusion under a single forum. Thank you, Your Honor. All right. Thank you, Mr. Warren. We'll now hear from Mr. Johnson. Good morning, Your Honors. May it please the Court. My name is Curtis Johnson of Bondstown and I'm campaigning for the appellate order of finance. I'm not really sure what release Mr. Warren wants at this point. At one point, he wanted the case removed back to state court. Now, he's appealing from an order that removes it, remands it back to state court. I'm not entirely sure. Either way, the court's decision dismissing the first cause of action with prejudice and the court's decision dismissing the second and third causes of action without prejudice should stand. That's the first order that he's appealing from. Only, first of all, on appeal, Mr. Warren does not raise any reason why the usury claim should be, the fiscal usury claim should be reversed. He abandons that. He's abandoned his fair credit reporting act claim by amending his complaint without including it. It leaves us with a single cause of action under General Business Law 349, and he's now arguing that he should be allowed to essentially seek declaratory judgment under CPLR 4544, the general complications law. If those are the causes of action in this case, we're prepared to litigate those in state court or federal court. What we don't want is a situation where Mr. Warren seeks another bite at the apple on the usury claim or seeks another bite at the apple on his fair credit reporting act claim, which is now abandoned. And we think the district court's dismissal with prejudice was defensible both because the court had jurisdiction, because at the time the fair credit reporting act claim was pending. Just because you move to amend a complaint doesn't remove the dependency of the claim that you seek to abandon. And we think the court decided things in the right order. Mr. — Let me just go back to that. I mean, putting aside whether it's an abuse of discretion or not, if someone says I want to amend my complaint to remove the federal cause, the only federal cause of action, so there's only going to be state law claims, certainly a district court may not have to, but could say there's no federal claim left and I'm going to send this back to state court, right? It certainly could. It's different when you say I want to amend it. He didn't say I want to amend. He wanted to amend to take it out, right? It certainly could. And what I would caution the court about making that a general rule is, let's say you go to oral argument. You don't perform very well at oral argument or the court's not really buying your argument. You decide, you get back to your office, you say, hmm, that didn't go very well with my federal causes of action. I'm going to abandon those, and now I'm going to seek to amend my complaint to only have state causes of action so I can get a different judge to decide those state causes of action different than where I think that judge is going. That's a dangerous precedent. Here we didn't have oral argument. We had four years pass. He filed a complaint. I moved to dismiss. He filed an amendment claim. I moved to dismiss. Then he filed summary judgment on the usury cause of action in his amended complaint. That sat for four years. I made a few calls to Chambers to see what was going on, but it sat for four years. It wasn't until he made that motion that Chambers, a couple days later, issued his decision, undoubtedly already written. It was a detailed decision. It didn't get written in those two days. The judge was trying to not waste judicial resources on something he had already decided, already worked through, and just hadn't basically uploaded to ECF. And was giving him a chance to correct it if he wanted to. That's right. You know, ultimately, I think the reason that we give leave to replete is so that appellants or, you know, losing parties can have the benefit of the court's view of what was wrong with the pleadings, as well as what's wrong with the pleadings as stated in my motion to dismiss. So if the court has no other questions. I don't think there are any other questions. Thank you very much. Thank you to both of you. We'll reserve decision. Have a good day. The final case on the calendar is United States v. Grimminger and Randolph, which is on submission. That completes the business of the court. And thanks to Mrs. Fabregas, I'll ask to adjourn court. Court is adjourned. Thank you.